**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILGE HORACIO MENCHU, | No. 11-73276 |
| Petitioner, | Agency No. A089-689-389 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:      O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Milge Horacio Menchu, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Menchu failed to establish he suffered harm rising to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel a finding of past persecution). Substantial evidence also supports the BIA's determination that Menchu failed to establish an objectively reasonable well-founded fear of future persecution. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (in the absence of past persecution, the burden is on the applicant to show that relocation would be unreasonable). Thus, Menchu's asylum claim fails.

Because Menchu failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the BIA's denial of CAT relief because Menchu failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In reaching these conclusions, we do not consider the newly-alleged facts regarding gang rapes referenced in Menchu's opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record); *see also Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

Finally, we lack jurisdiction to review Menchu's challenge to the BIA's February 24, 2012, order denying Menchu's motion to reopen, because he did not file a petition for review of that order. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**